## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MARICELIS COLON, TRUSTEE OF
HEAVEN'S GATES TRUST;

      **Plaintiff,**

    **v.**

LAKEVIEW LOAN SERVICING, LLC,
MATTHEW BRAUNSCHWEIG,

      **Defendants,**

_____/

**Case No.: 5:25-cv-00374-WFJ-PRL**

## REPORT AND RECOMMENDATION[1]

The Plaintiff, Maricelis Colon, who is proceeding pro se, filed this action against Defendant Lakeview Loan Servicing, LLC., and Matthew Braunschweig, and the case is before the undersigned upon referral of two pending motions. First, Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is due to be denied, and the amended complaint dismissed because this action is an improper collateral attack on a state court foreclosure judgment. Second, I submit that Plaintiff's ex parte motion for a temporary restraining order is due to be denied. I will discuss each pending motion in turn.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

### I.     Motion to Proceed in Forma Pauperis

#### a.  Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

#### b.  Discussion

As best can be discerned from the allegations of the amended complaint, pro se Plaintiff's claims arise out her dissatisfaction with legal proceedings in state court in Marion County, Florida. (Doc. 8). Plaintiff's complaint purports to allege claims under the Truth in Lending Act and the Real Estate Settlement Procedures Act, for fraud upon the court, under 18 U.S.C. § 1962 for civil RICO, and related claims. (Doc. 8). Plaintiff alleges that Defendants obtained a foreclosure judgment as to her homestead property based upon a promissory note that was fabricated, manipulated or not properly authenticated. Defendant Lake View Loan Servicing, LLC, is identified as a mortgage servicer, and Defendant Braunschweig is identified as a Florida attorney who handled the mortgage servicer's foreclosure action. (Doc. 8 at 2). Plaintiff contends that Defendants misled the state court regarding the endorsement status of documents resulting in the judgment being based on false material facts. As established by the Notice of Foreclosure Sale presented as an exhibit to Plaintiff's motion for temporary restraining order, Plaintiff attempts to challenge foreclosure proceedings in Circuit

Court in and for Marion County, Florida, that resulted in a final judgment against Plaintiff and a foreclosure sale scheduled for July 1, 2025. (Doc. 11 at 5).

Notably, although Plaintiff challenges Defendant Lake View Loan Servicing's standing, Plaintiff does not appear to dispute that she was a borrower in the underlying mortgage transaction or that Defendant Lake View Loan Servicing is a successor in interest of the original lender. Rather, Plaintiff's claims appear to arise out of alleged irregularities or issues with endorsements or notarizations as to documents relied upon in the state court proceeding.

In any event, at its core, this action is an improper collateral attack on the state court's final judgment in the foreclosure action and, therefore, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1257(a), federal review of state-court judgments may only occur in the United States Supreme Court. Thus, district courts lack jurisdiction to review final state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). The *Rooker–Feldman* doctrine "makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine applies to claims that were actually raised in the state court and those "inextricably intertwined" with that state judgment. *Id.* Where a party did not have a "reasonable opportunity to raise his [or her] federal claim in state proceedings[,]" however, the doctrine does not apply. *Id.*

The Eleventh Circuit and many district courts in this circuit have applied the *Rooker–Feldman* doctrine to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments. *See, e.g.*, *Parker v. Potter*, 368 Fed.Appx. 945, 947–48 (11th Cir. 2010)

(rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act ("TILA") that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan*, 298 Fed.Appx. 890, 892–93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman*); *Harper v. Chase Manhattan Bank*, 138 Fed.Appx. 130, 132–33 (11th Cir .2005) (dismissing federal TILA, Fair Debt Collection Practices Act ("FDCPA"), and Equal Credit Opportunity Act ("ECOA") claims under *Rooker–Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *AboyadeCole Bey v. BankAtl.*, No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).

This action, at its core, is also merely an attempt to revisit the state court's foreclosure judgment and to forestall the ongoing proceedings. Further, it is apparent that pro se Plaintiff had a reasonable opportunity to raise her claims in the state proceedings. Indeed, that opportunity continues, as those proceedings are still ongoing, as Plaintiff also references an appeal. (Doc. 6 at 8). Because Plaintiff's claims in this case are inextricably intertwined with ongoing state court proceedings, I submit that that Plaintiff's complaint should be dismissed.

## II.    Plaintiff's Ex Parte Motion for Temporary Restraining Order

### a.    Legal Standards

The issuance of preliminary injunctive relief, including a temporary restraining order, is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of four prerequisites. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205,

1210 (11th Cir. 2003). The four prerequisites are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not do harm to the public interest. *Bloedorn*, 631 F.3d at 1229; *Four Seasons Hotels & Resorts*, 320 F.3d at 1210. If the movant cannot show a substantial likelihood of success on the merits, the Court need no consider the other requirements. *Bloedorn*, 631 F.3d at 1229.

Moreover, to obtain a temporary restraining order without notice to the opposing party, the movant must allege "specific facts in an affidavit or a verified complaint [which] clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

### b. Discussion

On the same grounds summarized in her complaint and summarized above, Plaintiff seeks a temporary restraining order or a preliminary injunction. (Doc. 6). In support of her motion, Plaintiff includes screen shots of text messages that she suggests cast doubt upon notarizations of documents relied upon in the state court proceeding. Those exhibits, however, do not impact the Court's conclusions regarding the application of the *Rooker-Feldman* doctrine. Indeed, despite her conclusory allegations, Plaintiff has not established a substantial likelihood of success on the merits. To the contrary, as discussed above, I submit that Plaintiff's claims are barred because they are inextricably intertwined with ongoing state court proceedings.

### III.    Recommendation

For the reasons explained above, I respectfully submit that Plaintiff's amended complaint (Doc. 8) be dismissed, and that Plaintiff's ex parte motion for a temporary restraining order or preliminary injunction (Doc. 6) be denied.

      **Recommended** in Ocala, Florida on June 23, 2025.


PHILIP R. LAMMENS
United States Magistrate Judge


Copies furnished to:


Presiding District Judge

Counsel of Record

Unrepresented Parties